HON. ASAHEL PECK,
HON. WILLIAM C. WILSON,  } ASSISTANT JUDGES.
HON. BENJAMIN H. STEELE,

---

## JIRAH VAUGHAN AND REUBEN R. THRALL *v.* MARTIN G. EVERTS, Executor of JAMES PORTER.

### *Pleading. Duplicity.*

In order to determine whether a plea is obnoxious ᷟto the objection of duplicity, reference must be had, not only to the matter, but to the general frame and structure of the plea.

Pleadings must be so framed as fairly to apprise the other party of the ground of claim or defense, and if equivocal, are to be construed most strongly against the party pleading.

When two defenses are set forth in the same plea, it is not necessary that each should be a sufficient defense in order to render the pléa double.

The plea in this case held objectionable for duplicity.

WRIT OF ERROR to reverse a judgment rendered in the county court, in favor of the defendant in error against the plaintiffs in error. The writ was made returnable to the supreme court, Rutland county, at the February Term, 1868. The defendant in error pleaded in bar to the writ as follows:

" And now the defendant, under leave of court, withdrawing all former pleas, pleads anew, and says: that the said plaintiffs in error ought not further to prosecute or maintain their writ of error aforesaid against him, the said Martin G. Everts, executor as aforesaid, because he says, that the said Reuben R. Thrall, at the term of the county court, began and holden in and for said county of Rutland on the second Tuesday of March, A. D. 1866, by the consideration of said court, recovered a judgment in his favor against one Henry W. Porter, of said Rutland, for the sum of three hundred and ten dollars and forty-eight cents damages, and twenty-two dollars and sixty cents costs of the same suit, as by the record thereof remaining in said court appears. And this defendant further says, that at the same term of said county court, by the consideration of said court, he recovered a judgment, as executor of the last will and testament of the said James Porter, deceased, against the said Jirah Vaughan and Reuben R. Thrall, for the sum of two hundred and fifty-two dollars and eighty-two cents for debt and damages, and nineteen dollars and seventy-nine cents costs; at the same time, also recovered judgment against the said Henry W. Porter, summoned as trustee of said Reuben R. Thrall, for the sum of two hundred and seventy dollars and fifty-five cents, as set forth in said writ of error, and as by the record thereof remaining in said court appears. And this defendant further says, that after the recovery of said judgment mentioned in said plaintiffs said writ of error in favor of this defendant, as executor as aforesaid, and after the recovery of the aforesaid judgment in favor of said Thrall against said Henry W. Porter as aforesaid, and before the commencement of this suit by the said Vaughan and Thrall against this defendant, to wit: on the 11th day of April, A.D. 1866, at Rutland aforesaid, by mutual agreement of the respective parties to the aforesaid several judgments, they did offset said judgment recovered by this defendant, as executor as aforesaid, against the said Vaughan and Thrall, and apply the same towards and upon the judgment recovered by said Thrall against the said Henry W. Porter as aforesaid, and in part satisfaction thereof, and which said application or set-off was in full satisfaction and extinguishment of said judgment recovered by this defendant, as executor as aforesaid, against the said Thrall and Vaughan. And this defendant further says, that the aforesaid several judgments were taken and recovered as aforesaid, by the respective parties thereto, by their consent, agreement and understanding, mutually entered into by and between the parties thereto, that they should be offset, and applied as afore-

said, and that the said Henry W. Porter should pay the balance of the judgment recovered as aforesaid, by said Thrall against him, the said Henry W. Porter, and that afterwards, in consideration of the premises, and with the assent of this defendant, as executor, as aforesaid, to wit: on the 11th day of April, A. D. 1866, at Rutland aforesaid, the said Henry W. Porter, before the commencement of this suit, paid to the said Reuben R. Thrall the sum of fifty-seven dollars and sixty-one cents, the balance of his said judgment recovered as aforesaid, and in full satisfaction thereof, together with the accrued interest thereon, and assumed the payment of said judgment recovered in favor of this defendant, as executor as aforesaid, against the said Vaughan and Thrall, and against himself, as trustee as aforesaid, all of which was done, accepted and received by mutual assent and agreement of the parties, and in full satisfaction and extinguishment of said several judgments as aforesaid, to wit: at Rutland aforesaid; whereof the said supposed errors assigned by the said plaintiffs, in their said writ of error, were released or waived, as well as the said plaintiffs supposed causes of complaint in their said writ of error set forth; all of which the defendant is ready to verify. Wherefore this defendant prays judgment if the said Vaughan and Thrall ought further to prosecute or maintain their writ of error aforesaid against this defendant, and for his costs."

To this plea the plaintiffs in error filed a special demurrer.

*Charles C. Dewey*, for the plaintiffs in error.

*M. G. Everts* and *Edwin Edgerton*, for the defendant in error.

The opinion of the court was delivered by

PECK, J.    This is a writ of error to reverse a judgment recovered in the county court by the defendant in error, against the plaintiffs in error, at the March term of the county court, 1866.    The question arises upon a special demurrer to the plea in bar.

It appears by the plea, among other things, that at the term of the county court above mentioned, Reuben R. Thrall, one of the plaintiffs in error, recovered a judgment against one Henry W. Porter for three hundred and ten dollars and forty-eight cents damages and twenty-two dollars and sixty cents costs; and at the same term said Everts, as executor of James Porter, recovered a judgment against Vaughan and Thrall for two hundred and fifty-two dollars and eighty-two cents damages and nineteen dollars and seventy-nine cents costs,

Vaughan et al. *v.* Everts, Ex'r.

and a judgment against Henry W. Porter as trustee of Thrall in .the same suit, for two hundred and seventy dollars and fifty-five cents. This is the judgment to reverse which the writ of error is brought.

The objection urged against the plea is that it is double. In order to determine whether the plea is obnoxious to this objection, reference must be had not only to the *matter*, but also to the *general frame and structure* of the plea. It is insisted on the part of the plaintiffs in error, that the plea is double in this, that it sets up as one ground of defense, that after the recovery of the several judgments, by mutual agreement of the parties thereto the judgment against Vaughan and Thrall, sought to be reversed, was extinguished by offsetting it and applying it upon the judgment of Thrall against Henry W. Porter. And that as another ground of defense, the plea alleges that the judgments were rendered by mutual consent and agreement of the parties thereto. If this is the true construction of the plea, it is not denied but that the plea is bad for duplicity.

But on the other side it is insisted that the plea alleges only one defense, that is, that the judgments were rendered by mutual agreement of the parties to the several judgments; and that all that is alleged in relation to the agreement to offset the judgments, &c., is alleged as a part of the consent and agreement that the judgments should be so rendered; or as an additional stipulation in that agreement; and that in order for the pleader to avail himself of that agreement, it was necessary to allege also that that agreement had been performed, and that the allegation of the actual offsetting of the judgments and payment of the balance to Thrall, was alleged merely to show the performance of the agreement. If the plea will bear this construction the demurrer for duplicity is not well taken. The plea after alleging the recovery of the several judgments, avers that *after* the recovery of the judgments and before the commencement of this suit, by mutual agreement of the respective parties to the aforesaid several judgments, they did offset the judgment recovered by this defendant against these plaintiffs, and apply the same towards and upon the judgment recovered by Thrall against Henry W. Porter, and in part satisfaction thereof, and which said *application or set-off* was in full satisfaction and extinguishment of

said judgment recovered by this defendant against Thrall and Vaughan. Thus far the prominent idea of the pleader as indicated by the plea is, that this agreement and the execution of it as alleged, extinguished the judgment sought by the writ of error to be reversed, and thereby operated as a release of errors, or a bar to the plaintiff's right to have the judgment reversed. The question then is whether this is to be taken as a ground of defense; or whether it is to be construed as a mere necessary incident to another defense put forth in the subsequent part of the plea as is claimed by the defendant's counsel: The plea then proceeds, " and this defendant further says that the aforesaid several judgments were taken and recovered as aforesaid by the respective parties thereto by their consent, agreement and understanding mutually entered into by and between the parties thereto, that they should be offset and applied as aforesaid, and that the said Henry W Porter should pay the balance of the judgment recovered as aforesaid against him, the said Henry W. Porter," and then alleges that afterwards Henry W. Porter, by consent of this defendant, paid such balance to Thrall in full satisfaction, &c., and assumed the payment of the judgment recovered by this defendant against Vaughan and Thrall, and against himself as trustee, all which was done, accepted and received by mutual assent and agreement of the parties, and in full satisfaction and extinguishment of said several judgments as aforesaid.

The agreement in relation to the offsetting of the judgment set forth in the first branch of the plea is distinctly alleged to have been made after the judgments were rendered; at least no other construction can be put upon it. It is as distinctly averred to have been made after the recovery of the judgments, as the performance of it is, as both are coupled in one entire proposition. It is clear that the agreement alleged in the latter portion of the plea is averred to have been made before the recovery of the judgments; as it is alleged that the judgments were rendered under that agreement. The agreement alleged in the first portion of the plea relates only to the extinguishing of the judgments after they were recovered; the other agreement embraces the very recovery of the judgments. The agreements must be taken to be distinct and separate agreements, in fact, and

made on different occasions. They differ alone in their legal tendency and effect. The one made after the judgments were rendered only presents the question whether such agreement and action of the parties under it, operated as a release of errors previously committed in rendering the judgment; while the one made before the recovery of the judgments presents the question also whether the plaintiffs can be permitted to assign errors in a judgment rendered in pursuance of their own agreement. The agreements alleged must be regarded as made on different occasions, and as two separate agreements in fact and in law, and as constituting two distinct defenses; one resting for its foundation on the agreement and act of the parties since the recovery of the judgment; and the other on the further ground that the judgments were rendered in pursuance of an agreement of the parties. We think the plea will not bear the construction contended for by the defendant's counsel, which is, that the latter of the above grounds is the only defense presented by the plea, and that all else in the plea is but a further stipulation or condition in the agreement under which the judgments were rendered, and a performance of that condition necessarily alleged in order to enable the pleader to avail himself of the fact that the judgments were rendered by consent and agreement of parties. If the pleader so intended, the general structure of the plea should have been different. The plea should have first alleged the agreement under which the judgments were rendered, and then set forth that in pursuance of that agreement the offset was afterwards made, &c. The plea is not so in terms, and upon no fair construction can it be said to be such in legal construction; and the plaintiffs in answering it were not bound so to understand it. Pleadings should be so framed as fairly to apprise the other party of the ground of claim or defense, and if equivocal, are to be construed most strongly against the party pleading. On an issue formed by a general traverse of this plea, the defendant would have the right to prove both grounds of defense; so that if he failed to prove the agreement under which it is alleged the judgments were rendered, he could rely on proof of an agreement made after the recovery of the judgments, and the offset in pursuance of it. To avoid meeting this double issue, the plaintiffs had no remedy but to

demur for duplicity. Whether each of the two defenses set forth is of itself a sufficient answer to the plaintiffs action, if pleaded alone, we do not decide, as it is not necessary each should be sufficient in in order to render the plea double. As no other question has been raised in argument, we only decide that the plea is bad for duplicity, and for that cause it is adjudged insufficient.